## SCHLOTTERER v. BROOKLYN & N. Y. FERRY. CO.

(Supreme Court, Appellate Division, Second Department. March 10, 1905.)

NEW TRIAL—MOTION ON JUDGE'S MINUTES—STENOGRAPHIC NOTES.

General rule of practice No. 3, providing that, when an order is entered, all the papers used on the motion shall be filed with the clerk, does not apply, on a motion under Code Civ. Proc. § 999, on the judge's minutes, for a new trial, to a transcript of the stenographer's notes which the moving party has obtained at his cost, and which section 1007 authorizes the judge to treat as his minutes for the purpose of the motion.

Appeal from Special Term, Kings County.

Action by Louisa Schlotterer, an infant, against the Brooklyn & New York Ferry Company. From an order denying defendant's motion to modify the order made on the trial of the motion for a new trial on the minutes by striking therefrom the recital that the same was made on filing the stenographer's minutes, defendant appeals. Reversed.

See 85 N. Y. Supp. 847.

Argued before BARTLETT, WOODWARD, JENKS, RICH, and MILLER, JJ.

John J. Kirby (John Delahunty, on the brief), for appellant.
Alfred E. Sander, for respondent.

PER CURIAM. After the verdict in this case, the defendant moved for a new trial upon the judge's minutes, and, upon such motion, submitted to the judge a transcript of the stenographer's minutes of the testimony, which he had obtained from the official stenographer at an expense of $555.45. Under section 1007 of the Code of Civil Procedure, the judge, in his discretion, was authorized to treat the notes of the official stenographer, when written out, as his own minutes, for the purposes of such a motion as that which was entertained in this case. The question presented by this appeal is whether the stenographic notes thus obtained by one party, and submitted to the judge for use in accordance with the Code provision cited, must be filed in the clerk's office, instead of being returned to the party by whom and at whose expense they were furnished. It is contended that rule 3 of the general rules of practice requires this to be done. We are of opinion that the requirements of that rule do not apply to the stenographic notes of a trial, treated as the minutes of the judge for the purposes of a motion under section 999 of the Code. Under the established practice existing before the employment of official stenographers, a motion for a new trial made upon the judge's minutes was based, in theory, at least, upon the notes which the judge presiding upon the trial took or was supposed to have taken as the trial proceeded. In many cases, as matter of fact, the judge took no notes whatever, and the motion was really founded upon his recollection of what had occurred upon the trial, aided and supplemented by the concurrent recollection of counsel. Even where he actually took minutes with his own hand, it was never the practice, so far as we are aware, to require

such minutes to be filed, either with the clerk or anywhere, upon the disposition of the motion. The change in procedure effected by section 1007 of the Code, in permitting the use of the stenographic notes of a trial in lieu of the judge's minutes, was not intended to alter the practice in any respect, except to promote the convenience of the court and counsel. Under that section as it now exists, it has been the uniform practice for counsel desiring to avail themselves of its provision to furnish the stenographic notes to the judge, by whom they have been returned to counsel after the determination of the motion. The effect of holding that such notes must be filed would be virtually to compel any party submitting them in support of a motion under section 999 of the Code to pay all the stenographer's fees, and leave the notes which he had paid for on file, with the necessity of procuring an additional copy in case he desired to review the decision.

The order appealed from should be reversed.

Order reversed, with $10 costs and disbursements.